IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| | § | Criminal Action No. 3:07-CR-265-O |
| v. | § § | |
| COREY BROADNOX, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Suppress the Evidence (Doc. # 17) filed December 20, 2007. Having reviewed the motion, the response of the United States of America, and the applicable law, the Court finds that Defendant's motion to suppress should be denied for the reasons set forth below.

I.
BACKGROUND

Defendant, Corey Broadnox, was indicted on September 5, 2007, for

being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is a felony, did knowingly possess, in and affecting interstate commerce, a firearm, to with: a RG Industries, Model RG 31, .38 caliber revolver, serial number 019420

In violation of 18 U.S.C. §922(g)(1).

*See* Doc. No. 1, (3:07-CR-265-O) (N.D. Tex. Sept. 5, 2007) ("Indictment"). Defendant moves the Court to suppress evidence that he argues was obtained pursuant to an illegal search. Specifically, Defendant asserts in his motion that "law enforcement lacked probable cause to secure an arrest and search warrant-he did not sell crack cocaine to Officer St. John, at 915 N.

Jester Avenue, Dallas, Texas 75211-2589, or elsewhere." *See* Mot. at 2. However, Defendant has expressly withdrawn his contention that he did not sell crack cocaine to Officer St. John. *See* Doc. No. 28, (3:07-CR-0265-O) (N.D. Tex. Jan. 23, 2008) ("Evidence in Support of Motion to Suppress). Defendant now relies on the argument that "915 N. Jester Avenue, Dallas, Texas 75211-2589 was not his address, thus, one of the primary basis to the search warrant was not valid." *See id.* Defendant has requested a hearing on his motion to suppress, thus the Court addresses this matter first.

II.
DISCUSSION

A.     **Request for an Evidentiary Hearing**

In deciding whether a hearing is warranted on a motion to suppress, a district court follows the guideposts established by the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Upon defendant's request, a court should hold an evidentiary hearing on a motion to suppress when the defendant makes a preliminary showing: (1) that the allegations in the affidavit supporting the warrant are false or made with a reckless disregard for the truth, and (2) that even if the false statements are set aside, the remaining portions of the affidavit are insufficient to support a finding of probable cause. *Franks*, 438 U.S. at 171-72. In *Franks*, the Supreme Court also defined the standard required to make a "preliminary showing" of falsifications in an affidavit. *See id.* at 171. The Court explained that defendant's allegations of falsehood must be accompanied by an offer of proof. *Id.* More specifically, the Court stated,

> Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Id.*

In this case, Defendant alleges that the statements in the affidavit in support of the search

-2-

warrant attesting that he resided at 915 N. Jester Avenue, Dallas, Texas 75211-2589 and sold crack cocaine at that residence are false. *See* Mot. at 5. Defendant did not submit any evidence to prove these allegations with his motion to suppress, but did explain to the Court that he was gathering such evidence and would be submitting it to the Court separately. *Id.* After Defendant's motion had been pending for almost a month without any supporting evidence, the Court entered an order instructing that Defendant must submit his evidence, if any, by January 23, 2008.

In response to the Court's order, Defendant submitted a document titled, "Evidence in Support of the Motion to Suppress." *See* Doc. No. 28, (3:07-CR-0265-O) (N.D. Tex. Jan. 23, 2008). In his pleading, Defendant asserts that he can prove 915 N. Jester, Dallas, Texas 75211-2589 was not his residence through the testimony of several witnesses, to wit: Pearline Broadnox (Defendant's mother), Umar Ibrahim, and unknown Officers, who attempted to get consent to enter the house on January 29, 2007. Defendant's pleading is not sworn or otherwise supported by affidavit or declaration. *See* 28 U.S.C. §1746. Further, Defendant did not submit any affidavits or sworn statements of these witnesses. Because Defendant has failed to come forward with evidence that satisfies the preliminary showing standard, the Court finds that he is not entitled to a *Franks* hearing on his motion to suppress. *See Williams v. Kunze*, 806 F.2d 594, 599 (5th Cir. 1986) (holding that the allegations in a motion to suppress did not show an entitlement to a *Franks* hearing where evidence consisted solely of an affidavit with conclusory allegations). Accordingly, Defendant's request for an evidentiary hearing is hereby DENIED.

**B.    Motion to Suppress**

The Court applies a two-step test when reviewing a motion to suppress evidence that was seized pursuant to a search warrant. *See United States v. Sibley*, 448 F.3d 754, 757 (5th Cir.

2006). In the first step, the Court determines whether the good-faith exception to the exclusionary rule applies. *Id.; see also United States v. Leon*, 468 U.S. 897, 920 (1984). "The good-faith exception provides that where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *Id.* (quoting *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002). If the Court finds that the good-faith exception applies, it can deny the motion to suppress without any further inquiry. *See United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). If the good-faith exception does not apply, then the Court looks to whether there was a substantial basis for the magistrate's determination that probable cause existed. *Id.* at 407.

Here, Defendant argues that the good-faith exception does not apply because the magistrate was misled by information in the affidavit that the affiant knew or should have known was false. *See* Mot. at 4. Specifically, Defendant challenges statements made in the affidavit alleging that:

> On February 1, 2007 at about 3:06 p.m. . . . at 915 N. Jester Avenue, Dallas, Dallas County Texas . . . the affiant purchased 1.7 grams of crack cocaine . . . from the persons described in paragraph # 3 for $100.00 dollars in U.S. currency.

Affidavit for Search Warrant and Arrest Warrant, ¶5.[1] Defendant argues the information is false because he was not at the residence on the stated date and time. The Government responds that the affidavit in support of the search warrant sworn to by Officer St. John provided sufficient factual details to support the conclusion that drugs and related evidence could be found at 915 N.

---

[1] The Court notes that the affidavit was not attached to the warrant in the court's file. At the Court's request, the parties submitted a copy of the affidavit for its consideration in determining the motion to suppress. Pursuant to Rule 201 of the Federal Rules of Evidence the Court hereby takes judicial notice of the affidavit finding it is a true and correct copy and attaches it to this memorandum opinion as Exhibit A.

Jester. *See* Gov't Resp. at 7. Further, the Government argues that the affidavit provided a detailed description of the person from whom Officer St. John purchased the drugs. The Government therefore contends that even if Officer St. John was mistaken about the identity of the person who sold the drugs, she was certain that she purchased crack cocaine at 915 N. Jester Avenue, Dallas, Texas on February 1, 2007. Viewing the affidavit as a whole, it is clear that it contains specific factual details regarding a person or persons selling drugs at that residence. Accordingly, the affidavit established a nexus between the place to be searched and the evidence sought. *See United States v. Payne*, 341 F.3d 393, 400 (5th Cir. 2003). Based on these connections, the Court finds that the affidavit is not lacking in indications of probable cause as to render belief in its existence entirely unreasonable. Defendant has therefore failed to show that the good-faith exception to the exclusionary rule does not apply.

In sum, because the Court finds that there is no showing of a reason why the good-faith exception to the exclusionary rules does not apply, no further analysis is necessary. The Court therefore ORDERS that Defendant's motion to suppress be and is hereby DENIED.

**SO ORDERED** on this the 25th day of January 2008.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

THE STATE OF TEXAS    [ 915 N. Je__er Avenue
                    [ City of Dallas,
COUNTY OF DALLAS   [ Dallas County, Texas

    The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

    1. There is in Dallas County, Texas, a suspected place and premises described and located as follows: The residence located at 915 N. Jester Avenue in the City of Dallas, Dallas County, Texas which also includes all other buildings, structures, place's, safe and vehicles on said premises and within the cartilage, if said premises are found to be under the control of the suspected parties names or described below and in, on, or around which said suspected party may reasonably reposite or secrete property which is the object of the search requested herein. The house is a white wood framed house with black trim and is clearly marked with the numbers 915 in white lettering with a green background. The numbers are displayed to the left side of the front door.

    2. There is at said suspected place and premises personal property concealed and kept in violation of the;laws of Texas and described as follows: A CONTROLLED SUBSTANCE: TO WIT:  Cocaine.

    3. Said suspected place and premises are in charge of and controlled by the following person: Suspect 1: a black male about 35 years old, 6'3 "tall, 190 pounds with black hair identified as Corey Jerome Broadnax 08/25/1971.

    4. It is the belief of Affiant, and he hereby charges and accuses, that:  The described suspect did on 1st day of February 2007 possess a controlled substance to wit: Cocaine, in the city of Dallas, Dallas County, Texas.

    5. Affiant has probable cause for said belief by reason of the following facts: Affiant, M. St. John #6921 is employed by the City of Dallas Police Department and is currently assigned to the Narcotics Division.

On February 1, 2007 at about 3:06 p.m., I, the Affiant, personally observed the above described persons, and that said persons did have in their possession in the residence at 915 N. Jester Avenue, Dallas, Dallas County, Texas, a quantity of crack cocaine, and that the Affiant has been at the residence within the past 48 hours.  While there, the affiant purchased 1.7grams of crack cocaine from the above listed persons described in paragraph #3 for $100.00 dollars in U.S. currency.  The Affiant knows the appearance, packaging and consistency of crack cocaine. The crack  cocaine was field tested positive for cocaine by the Affiant and witnessed by Sgt. A Sutton #4379.

Wherefore, Affiant asks for issuance of a warrant that will authorize him to search said suspected place and premises for said personal property and seize the same and to arrest each said described and accused persons.

Marcie St John #6921
                      AFFIANT

    Subscribed and sworn to before me by said Affiant on this the __2__ day

EXHIBIT NO. 2

GREETINGS:

WHEREAS, the Affiant whose signature is affixed to the Affidavit appearing
on the reverse hereof is a Peace Officer under the laws of Texas and did
heretofore this day subscribed and swear to said Affidavit before me (which
said affidavit is by this reference incorporated herein for all purposes),
and whereas I find that the verified facts by Affiant in said Affidavit
show that Affiant has probable cause for the belief he expresses therein
and establishes the existence of proper grounds for the issuance of this
Warrant:

NOW, THEREFORE, you are commanded to enter the suspected place and premises
described in said Affidavit and to there search for the personal property
described in said Affidavit and to seize the same and bring it before me.
And, you are commanded to arrest and bring before me each person described
and accused in said Affidavit. Herein fail not, but have you then and there
this Warrant executed within three days, exclusive of the day of its
issuance and exclusive of the day of its execution with your return
thereon, showing how you have executed the same.

ISSUED AT 3:33       o'clock P. M., on this the  2ⁿᵈ  day
of    Feb         , 20 07    to certify which witness my hand this
day.

_____
MAGISTRATE, DALLAS COUNTY, TEXAS


RETURN AND INVENTORY

THE STATE OF TEXAS    [ 915 N. Jester Avenue
                      [ City of Dallas,
COUNTY OF DALLAS      [ Dallas County, Texas

     The undersigned Affiant, being a Peace Officer under the laws of Texas
and being duly sworn, on oath certifies that the foregoing Warrant came to
hand on the day it was issued and that it was executed on the _____day
of _____ , 20_____ , by making the search directed
therein and seizing during such search the following described personal
property:



                                         _____
                                                        AFFIANT

     SUBSCRIBED AND SWORN to before me, the undersigned authority, on this
the_____day of_____ , 20_____ .


                                         _____
                                         Notary Public in and for Dallas County, Texas